UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION,

UNITED STATES OF AMERICA,

v.                                    CASE NO.  8:15-CR-372-T-17AEP

SERGIO MARTINEZ HERNANDEZ.

_____/

ORDER

This cause is before the Court on:

| Dkt. 71 | Motion to Dismiss Indictment With Prejudice ("Bad Faith" Destruction of Exculpatory Evidence) |
| Dkt. 76 | Response |

Defendant Sergio Martinez Hernandez moves to dismiss the Indictment with prejudice based on the "bad faith" destruction of exculpatory evidence, pursuant to Fed. R. Crim. P. 12(b)(3)(C).   The statements of LT. Jamesen G. Saviano, U.S.C.G.,  LT George R. Suchanek, U.S.C.G., and BM1 Adam John Gercon, U.S.C.G., are attached to Defendant Hernandez' Motion.  (Dkt. 71-1).

Defendant Hernandez alleges a due process violation due to the Coast Guard's failure to preserve the video evidence of what Defendant Hernandez did in relation to the cocaine that was found floating in the water.

Defendants Rudi Rene Mendez and Manuel Perez Ruis  have adopted Defendant Hernandez' Motion to Dismiss.  (Dkts. 83, 89).

The Government opposes Defendant Hernandez' Motion to Dismiss.

In Count One of the Indictment (Dkt. 1), Defendant Hernandez is charged with a violation of 46 U.S.C. Secs. 70503(a) and 70506(a) and (b), and 21 U.S.C. Sec. 960(b)(1)(B)(ii).  The Indictment states that on or about July 31, 2015, while aboard a

Case No. 8:15-CR-372-T-17AEP

vessel subject to the jurisdiction of the United States, Defendant Hernandez and his co-defendants did knowingly and willfully combine, conspire and agree with each other and with other persons unknown to the Grand Jury, to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In Count Two, Defendant Hernandez is charged with a violation of 46 U.S.C. Secs. 70503(a) and 70506(a), 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 960(b)(1)(B)(ii). The Indictment states that, beginning on an unknown date and continuing through on or about July 31, 2015, while aboard a vessel subject to the jurisdiction of the United States, Defendant Hernandez and his co-defendants did knowingly and intentionally, while aiding and abetting each other and other persons unknown to the Grand Jury, possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

I.  Standard of Review

The determination of whether a due process violation has occurred is a mixed question of law and fact.  The Court's factual conclusions will be reviewed under the clearly erroneous standard, and the Court's legal conclusions will be reviewed de novo. United States v. Revolorio-Ramo, 468 F.3d 771, 774 (11th Cir. 2006).

"In order to show that the loss of evidence by the government constitutes a denial of due process, the defendant must show that the evidence was likely to significantly contribute to his defense.  California v. Trombetta, 467 U.S. 479, 488, 104 S. Ct. 2528, 2534, 81 L. Ed. 2d 413 (1984)."  U.S. v. Brown, 9 F.3d 907, 910 (11th Cir. 1993). "To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by

Case No. 8:15-CR-372-T-17AEP

other reasonably available means. Id. (quoting Trombetta at 489). "[F]ailure to preserve this 'potentially useful evidence' does not violate the due process clause 'unless a criminal defendant can show bad faith on the part of the police'" Illinois v. Fisher, 540 U.S. 544, 547-548, 124 S. Ct. 1200, 1202, 157 L. Ed. 2d 1060 (2004), quoting Arizona v. Youngblood, 488 U.S. 51, 58, 109 S. Ct. 333, 337, 102 L. Ed. 2d 281 (1988).

II. Discussion

A. Defendant's Motion

In Defendant Hernandez' Motion, Defendant Hernandez alleges the following facts:

1. On July 31, 2015, U.S. Coast Guard officials, via Maritime Patrol Aircraft, reported that packages had been jettisoned by a suspected water vessel. See DX 1 (emphasis added). Government officials report that this suspected vessel "was not making way or was dead in the water." Id.

2. Coast Guard officials proceeded to the area of the floating packages, which were described as 15-20 linked floating packages. Id. Coast Guard officials deployed a data marker buoy for the area where the floating packages were located. Id.

3. Coast Guard officials report that the Precision Marksman Aviation ("PMA") recorded video footage and that the Coast Guard Cutter Seneca came to the position of the water vessel Mr. Hernandez and the other two co-defendants were on. Id. (emphasis added).

4. Thereafter, an over-the-horizon vessel was launched from the Seneca to the vessel on which the defendants were located. Id. The Coast Guard officials eventually returned to the location of the floating packages and retrieved those

Case No. 8:15-CR-372-T-17AEP

> items. Id.  Subsequently, Mr. Hernandez, along with the two
> other crewmen, was taken into custody for maritime drug
> violations.

In Defendant Hernandez' Motion to Dismiss, Defendant Hernandez asserts that his position is that the cocaine floating in the water had been left there by someone other than Defendant Hernandez or his co-defendants.  Defendant Hernandez and his co-defendants maneuvered their boat to the location of the floating packages to see what the packages were.  Defendant Hernandez argues that the video that the U.S. Coast Guard recorded over would clearly show Defendants moving toward the packages to inspect them and did not show them jettisoning the packages from their vessel.  Defendant Hernandez contends that the video recording was exculpatory, as it would show that Defendant Hernandez and his co-defendants did not possess the cocaine as alleged in the Indictment.

Defendant Hernandez alleges that, due to the Coast Guard's failure to preserve the video it made of Defendant Hernandez' activities in relation to the packages floating in the water, Defendant Hernandez is unable to obtain comparable evidence (another video or a copy) by other reasonably available means.  Defendant Hernandez argues that the Court should find that the Coast Guard's alleged recording over of Defendant Hernandez' video constitutes bad faith, as the Coast Guard failed to preserve the video because the Guatemalan Government took too long to respond to the Coast Guard's request to relinquish jurisdiction over the Defendants to the American Government.  As a result, the Court should dismiss the indictment in this case.  United States v. Gayle, 608 Fed. Appx. 783, 790 (11th Cir. 2015)(unpublished opinion).

B.  Government's Response

In its Response, the Government alleges the following facts:

Case No. 8:15-CR-372-T-17AEP

1.      On July 31, 2015, the United States Coast Guard interdicted a go-fast vessel in the Eastern Pacific Ocean with the three defendants on board.  The Coast Guard Cutter (CGC) SENECA had been directed to the go-fast vessel and a nearby debris field containing bales of cocaine by a Marine Patrol Aircraft (MPA) that had initially observed the go-fast vessel jettison the bales of cocaine.  The MPA had marked the geo-coordinates of the debris field and followed the go-fast vessel to a location approximately three (3) nautical miles away, where it remained dead-in-the-water (DIW).

2.      The MPA covertly recorded the jettisoning and tracking of the go-fast vessel and directed the CGC SENECA's helicopter to the debris field and the go-fast vessel.  A Coast Guard boarding team from the CGC SENECA arrived alongside the go-fast vessel, which the three (3) defendants on board and no contraband.  Sergio Martinez Hernandez claimed he was the master and that the go-fast vessel was registered in Guatemala.  The Government of Guatemala confirmed registry of the go-fast vessel and granted the Coast Guard permission to board and search the go-fast vessel.  The Coast Guard recovered nineteen (10) bales of cocaine, tied together along with an activated GPS transponder, from the debris field.  ION scans [and] swabs of two of the three crewmembers and the go-fast vessel were positive for cocaine.

3.      A formal request for a waiver of jurisdiction over the go-fast vessel, crew and contraband was submitted to the Government of Guatemala on August 6, 2015.  The Government of Guatemala did not respond, waiving jurisdiction, until August 27, 2015.  Prior to the formal request for a waiver of jurisdiction, a request was made for the MPA crew to preserve the video evidence of the interdiction event.  Due to the delay between the jurisdictional waiver request and the response from the Government of Guatemala, it was discovered that the MPA's video of the event had inadvertently be[en] recorded over.

Case No. 8:15-CR-372-T-17AEP

    4.    The MPA crew has provided a detailed report of the event, which has been provided to defense counsel.

The Government argues that Defendant cannot establish that the video contained exculpatory evidence or that the MPA crew knew the video was exculpatory, and the video would only have strengthened the Government's case. The only available substitute would be the report and eyewitness testimony of the MPA crew, who observed the bales of cocaine jettisoned by the go-fast vessel, reported it and vectored the CGC SENECA to the debris field and the go-fast vessel. Because Defendant cannot establish that the video was exculpatory or that the inadvertent recording-over was intentional, the Government requests the denial of Defendant's Motion to Dismiss.

C. Analysis

The Court does not have the subject video, the Government does not have the subject video, and Defendants do not have the subject video. The report of the MPA crew has been provided to Defendant.

The Government and counsel for Defendant disagree as to whether the video was exculpatory, but the argument of counsel is not a substitute for the eyewitness testimony of the MPA crew. The Court notes that the assigned Magistrate Judge entered an order granting Defendant's Motion to Compel Production of Any and All Information Regarding Other Boats Investigated and/or Seized on or About the Time of Defendant's Arrest on the High Seas and denied Defendant's Motion to Compel Production of Any and All Video Recordings of Defendant's Activities on the High Seas and Any "Recorded-Over" Video(s) of His Video as moot. The assigned Magistrate Judge directed the Government to provide to Defendant the request to preserve the video, and if an oral request, to notify Defendant in writing that the request was made verbally. The Government's response to this Order is the subject of a pending Motion

in Limine, to exclude any and all Video evidence and testimony, as a sanction. (Dkt. 88).

After consideration, the Court **denies** the Motion to Dismiss Indictment With Prejudice ("Bad Faith" Destruction of Exculpatory Evidence).  Defendant cannot establish that the video was exculpatory.  The Court cannot determine the presence or absence of bad faith in a vacuum, without further evidence.  Accordingly, it is

**ORDERED** that the Motion to Dismiss Indictment to Dismiss Indictment With Prejudice ("Bad Faith" Destruction of Exculpatory Evidence) (Dkt. 71) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this _17th_ day of October, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record